**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

CHARLOTTE SIMS,

                Plaintiff,                Case Number: 10-12230

v.                               MARK A. GOLDSMITH
                               UNITED STATES DISTRICT JUDGE

CHASE HOME FINANCE, LLC,

                               VIRGINIA M. MORGAN
            Defendant.        UNITED STATES MAGISTRATE JUDGE

_____

**REPORT AND RECOMMENDATION TO DENY DEFENDANT'S MOTION TO
DISMISS (Doc. No. 10) AND TO ALLOW PLAINTIFF TO AMEND HER COMPLAINT**

      In this wrongful foreclosure action, Plaintiff alleges a violation of the Real Estate Settlement

and Procedures Act ("RESPA").  Pending before the court is Defendant's motion to dismiss.  The

motion has been fully briefed and the court heard oral argument on January 19, 2011.  For the

reasons discussed below, the court recommends that the motion be **DENIED**.

**I. Background**

      Plaintiff received a $468,000 mortgage from Washington Mutual Bank, Defendant's

predecessor in interest, on November 16, 2006.

      On June 11, 2009, Plaintiff mailed a letter to Washington Mutual Bank.  The letter is entitled

"RESPA Qualified Written Request, Complaint, Dispute of Debt & Validation of Debt Letter, TILA

Request."  (Doc. No. 10, Def.'s Mot. Ex. B, 6/11/09 Ltr.)  In the letter, Plaintiff stated that she was

writing to complain "about the accounting and servicing of this mortgage."  *Id.*  Plaintiff included

her account number and asked Washington Mutual to provide a long list of documents so that she

might investigate and validate her mortgage. *Id.* Included in the list of requested documents are a copy of the mortgage and note, the servicing agreement, and her payment history. *Id.*

Plaintiff alleges that neither Washington Mutual nor Defendant Chase Home Finance answered Plaintiff's June 11, 2009 letter. Plaintiff sent a second letter and a third letter to Washington Mutual asking for a response to the June 11, 2009 letter but no response came.

Subsequently, on April 7, 2010, Plaintiff's attorney sent a letter purporting to be a qualified written request for information under RESPA. However, Plaintiff has abandoned her claim that she is entitled to relief based on the April 7, 2010 letter. (Doc. No. 15, Pl.'s Resp. 6).

**II. Standard of Review**

In deciding a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "[t]he court must construe the complaint in the light most favorable to the plaintiff, accept all the factual allegations as true, and determine whether the plaintiff can prove a set of facts in support of its claims that would entitle it to relief." *Bovee v. Coopers & Lybrand C.P.A.*, 272 F.3d 356, 360 (6th Cir. 2001). The Supreme Court held in *Bell Atlantic Corp. v. Twombly*, ___U.S. ___, 127 S. Ct. 1955, 167 L.Ed.2d 929 (2007), that a complaint must be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted if the complaint does not plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 1974. Under Rule 12(b)(6), "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1964-65 (citations omitted); *Association of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007). The same standard is used to analyze motions under Fed. R. Civ. P. 12(c), which is the rule that Defendant has relied on in seeking dismissal. *Sensations, Inc. v. City of Grand Rapids*, 526 F.3d

291, 295 (6th Cir. 2008).

### III. Analysis

Defendant argues that it is entitled to dismissal on Plaintiff's claim that it violated RESPA by failing to respond to her June 11, 2009 letter because the letter is not a qualified written request. (Doc. No. 10, Def.'s Mot. 6). Defendant asserts that the letter does not relate to the servicing of Plaintiff's mortgage but is a "list of claims and allegations." *Id.* Defendant further argues that even if Plaintiff's letter is deemed a qualified written request, the claim must still be dismissed because Plaintiff has not pleaded that she suffered actual damages as a result of Defendant's failure to respond to her letter. *Id.* at 8.

Plaintiff responds that her June 11, 2009 letter comports with the statutory requirement and, as such, is a qualified written request. (Doc. No. 15, Pl.'s Resp. 10). Plaintiff further argues that she alleged that she suffered damages as a result of Defendant's failure to respond and provide information, including a name and telephone number of an employee who could provide assistance to Plaintiff. *Id.* at 11. Plaintiff's counsel conceded at oral argument that Plaintiff did not plead specific damages but argues that her claim should not be dismissed based on a failure to specify damages when that error may be cured in an amended complaint.

The Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601 et seq., requires any servicer of a federally related mortgage loan to issue a written acknowledgment of the correspondence within twenty days of receiving a Qualified Written Request from a borrower. 12 U.S.C. § 2605(e)(1)(A). Within a period of sixty days of receiving the request, the servicer must-after conducting an investigation-correct the account, issue a written explanation as to why the servicer believes the account is accurate, or provide the information requested by the borrower (or

3

a written explanation of why the information is unavailable). 12 U.S.C. § 2605(e)(2).

Defendant contends that it did not have an obligation under RESPA to respond to Plaintiff's June 11, 2009 letter because Plaintiff's letter contained requests for information beyond the information the servicer is required to provide under RESPA. Defendant's argument is unavailing. A qualified written request is defined in the statute as: written correspondence that includes the name and account number of the borrower and a statement of the reasons the borrower believes that the account is in error or contains a request for other information from the servicer. 12 U.S.C. § 2605(e)(1)(B). Under this standard, Plaintiff's letter qualifies as a qualified written request. The statute does not exempt servicers from replying to a qualified written request simply because the borrower requests information that the servicer deems outside of the scope of RESPA. Accordingly, Plaintiff's RESPA claim should not be dismissed on the ground that her letter was not a qualified written request.

Moreover, Plaintiff's claim should not be dismissed for her failure to plead specific damages, which is easily remedied with an amendment to the complaint. *See* 12 U.S.C. § 2605(f)( a party must show "actual damage" from a violation of § 2605(e)(2) to prevail). Therefore, the court recommends that Plaintiff be allowed to amend her complaint to plead her damages more specifically.

**IV. Conclusion**

The court recommends that Defendant's motion to dismiss be **DENIED** and Plaintiff be allowed to amend her complaint.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28

U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a

waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of*

*HHS*, 932 F.2d 505, 508 (6th Cir. 1991).  The filing of objections which raise some issues, but fail

to raise others with specificity, will not preserve all the objections a party might have to this Report

and Recommendation.  *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v.*

*Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).

Within fourteen (14) days of service of any objecting party's timely filed objections, the

opposing party may file a response.  The response shall be no more than 20 pages in length unless,

by motion and order, the page limit is extended by the court.  The response shall address  each issue

contained within the objections specifically and in the same order raised.


S/Virginia M. Morgan
Virginia M. Morgan
United States Magistrate Judge


Dated: January 21, 2011

---

**PROOF OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record via the Court's ECF
System and/or U. S. Mail on January 21, 2011.

s/Jane Johnson
Case Manager to
Magistrate Judge Virginia M. Morgan