UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLOTTE SIMS,

       Plaintiff,                            Civil Case No.
                                                  10-CV-12230

vs.

                                                  HON. MARK A. GOLDSMITH

CHASE HOME FINANCE, LLC,

       Defendant.
_____/

**OPINION AND ORDER
(1) ACCEPTING AND ADOPTING [DE#18] THE MAGISTRATE
JUDGE'S REPORT AND RECOMMENDATION,
(2) OVERRULING DEFENDANT'S OBJECTIONS, and
(3) DENYING [#DE10] DEFENDANT'S MOTION TO DISMISS WITHOUT PREJUDICE**

      This matter is presently before the Court on the Report and Recommendation ("R&R") of Magistrate Judge Virginia M. Morgan, issued on January 21, 2011. The Magistrate Judge recommends that Defendant's motion to dismiss be denied. Defendant has filed timely objections to the R&R. The Court reviews de novo those portions of the R&R to which a specific objection has been made. Fed. R. Civ. P. 72(b). Having done so, the Court concludes that Magistrate Judge Morgan correctly analyzed the issues presented and reached the proper result for the proper reasons.

      The background facts are adequately summarized by the Magistrate Judge and need not be repeated here. The Magistrate Judge concluded that Plaintiff's letter, dated June 11, 2009, was a Qualified Written Request (QWR), within the meaning of the Real Estate Settlement Procedures Act (RESPA), 12 U.S.C. § 2605 et seq., and that in lieu of dismissing the complaint, Plaintiff should be granted leave to amend so that she may plead her damages more specifically. Defendant objects to both conclusions.

1

In its objections, Defendant first argues that Plaintiff's letter is not a QWR because it does not include a statement regarding Plaintiff's belief that her account is in error, and does not request information related to the servicing of her loan.

A QWR is defined in the statute as

> a written correspondence that (i) includes, or otherwise enables the servicer to identify, the name and account of the borrower; and (ii) includes a statement of the reasons for the belief of the borrower . . . that the account is in error or provides sufficient detail to the servicer regarding other information sought by the borrower.

12 U.S.C. § 2605(e)(1)(B). Based on this standard, the Court agrees with the Magistrate Judge's determination that Plaintiff's letter is a QWR. Initially, the Court notes that the title of the letter contains the phrase "**RESPA QUALIFIED WRITTEN REQUEST**." Moreover, the letter satisfies the statutory requirements outlined in § 2605(e)(1)(B) inasmuch as it (i) is a written correspondence containing Plaintiff's name and account number, and (ii) requests specific and extensive information from Defendant regarding the loan.

Defendant argues that the letter does not request information relating to the "servicing" of the loan, as required. See 12 U.S.C. § 2605(e)(1)(A). The statute defines "servicing" as "receiving any scheduled periodic payments from a borrower pursuant to the terms of any loan . . . and making the payments of principal and interest and such other payments with respect to the amounts received from the borrower." 12 U.S.C. § 2605(i)(3). In her letter, Plaintiff requests information about the original security on her account, the chain of transfer of ownership of her loan, charged and collected fees, and the alleged debt owed to Defendant. Plaintiff claims she is specifically concerned with determining whether there have been any unlawful increases or decreases in her monthly payments, interest or principal. The information sought relates to the servicing of Plaintiff's loan, as that term is defined by RESPA.

Defendant next argues that even if Plaintiff's letter is construed as requesting information relating to the servicing of her loan, the letter is still not a QWR because it purports to require a response in a manner that RESPA does not give Plaintiff the authority to demand.  While Defendant is correct that there is no support for the proposition that a borrower can dictate the form of a servicer's response, there is also no authority cited by Defendant, in case law or within RESPA itself, to support Defendant's conclusion that such a demand automatically removes Plaintiff's letter from coverage.  Accordingly, the Court agrees with the Magistrate Judge's conclusions that the letter qualifies as a QWR, thereby triggering a statutory duty to respond.

Defendant also argues in its objections that even if the letter constitutes a QWR, Plaintiff's claim must still be dismissed for failure to plead specific damages.  Defendant offers an abundance of case law, from within the Sixth Circuit and beyond, to support its contention that a RESPA claim fails if there is no allegation of actual damages.  In such a case, it is argued that there is no claim for which relief can be granted, thereby failing to meet the pleading standard set forth in Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007) and Ashcroft v. Iqbal, __ U.S. __, 129 S. Ct. 1937, 1949 (2009).

It is true that Plaintiff's complaint does not allege any specific, actual damages stemming from Defendant's failure to respond to the letter.  Plaintiff's only allegation pertaining to damages states: "As a result of these violations, the Plaintiff has suffered damages." [Docket entry 1, Attachment 1].  The Magistrate Judge concluded that this omission should not result in dismissal at this juncture since it could easily be resolved by granting Plaintiff leave to amend her complaint.  Defendant argues that an amendment should not be allowed because it would be futile.  However, it is unclear whether Plaintiff has the ability to allege more particular actual damages resulting from Defendant's failure to respond to the letter.  Viewed in the light most favorable to Plaintiff, the most appropriate course of action is to allow Plaintiff an opportunity to file an amended complaint in

3

which she specifies the nature of any actual damages sustained as a result of Defendant's failure to respond to her letter.

For these reasons, in addition to those stated by the Magistrate Judge, it is ORDERED as follows:

(1) The Magistrate Judge's R&R [DE#18] is accepted and adopted as the findings and conclusions of the Court.

(2) Defendant's objections to the R&R are overruled.

(3) Defendant's motion to dismiss [DE#10] is denied without prejudice to Defendant's ability to file an appropriate motion responsive to any amended complaint.  However, any such motion shall not raise arguments that have already been adjudicated by the Court.

s/Mark A. Goldsmith
MARK A. GOLDSMITH
United States District Judge

Dated:  March 16, 2011

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 16, 2011.

s/Deborah J. Goltz
DEBORAH J. GOLTZ
Case Manager